IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MARK ORAVETZ,

          Plaintiff,

   v.

FEDERAL RESERVE OF
SAN FRANCISCO,

          Defendant.

Civ. No. 6:24-cv-00741-AA

**OPINION & ORDER**

AIKEN, District Judge.

*Pro Se* Plaintiff Mark Oravetz, seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 2, is DENIED and the Complaint, ECF No.1, is dismissed with leave to amend and without service on Defendant. If Plaintiff wishes to file an amended complaint, he must pay the filing fee. The Motion for Appointment of Counsel, ECF No. 3, is DENIED.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees

associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, Plaintiff states that he has billions of dollars in assets as well as a substantial quantity of gold bullion. Plaintiff's IFP petition is therefore DENIED.

With regard to the substance of the Complaint, the Court is unable to make out what claim or claims Plaintiff intends to assert. In its entirety, Plaintiff's statement of his claim(s) reads:

> I have 6.5 billon [sic] in Account or Contract C-Class, Federal Reserve of San Francisco Paper, Trail, People Trail, Witness.

Compl. 4.

The Court is unable to understand what claim or claims are being raised and no defendant, if served with this Complaint, could understand what claims were being made against them.

This falls below the federal pleading standards and the Complaint must be dismissed for failure to state a claim. As Plaintiff is pro se, dismissal shall be with

leave to amend and Plaintiff shall have thirty days from the date of this Order in which to file an amended complaint. In drafting the amended complaint, Plaintiff should bear in mind that the Court does not know anything about his situation other than what he includes in his amended pleading. Plaintiff should briefly and clearly explain who the defendants are, what they have done, and why Plaintiff believes the defendants should be held liable for his injury. In addition, if Plaintiff wishes to file an amended complaint, he should accompany his filing with payment of the filing fee as he does not meet the indigency requirement to proceed IFP.

Finally, the Court denies the Motion for Appointment of Counsel. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to § 1915, this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Here, Plaintiff has failed to state a claim and has failed to demonstrate indigency and so the Court declines to request volunteer counsel at this time.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 2, is DENIED and the Complaint, ECF No. 1, is DISMISSED without service on Defendant. Dismissal is with leave to amend and Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. If Plaintiff chooses to file an amended complaint, the filing should be accompanied by payment of the filing fee. Plaintiff is advised that failure to file an amended complaint within the allotted time

will result in entry of a judgment of dismissal without further notice. Plaintiff's Motion for Appointment of Counsel, ECF No. 3, is DENIED.

It is so ORDERED and DATED this ___9th___ day of May 2024.

                                              /s/Ann Aiken
                                              ANN AIKEN
                                              United States District Judge